THE STATE OF KANSAS V. JIM CORN.

No. 15,339.   (91 Pac. 1067.)

SYLLABUS BY THE COURT.

1. INTOXICATING LIQUORS—*Nuisance—Circumstantial Evidence.*
   Bills and accounts found in a place alleged to be a public
   nuisance are admissible in evidence against a defendant
   charged with being the keeper of such nuisance, without any
   further evidence connecting him therewith, for the purpose
   of showing the kind of business conducted at such place.

2. ——— *Evidence Sufficient to Sustain a Conviction.*  Evidence
   in this case examined and found to be sufficient to sustain
   a conviction of the defendant for being the keeper of such
   a nuisance.

Appeal from Allen district court; OSCAR FOUST,
judge.   Opinion filed October 5, 1907.   Affirmed.

*Fred S. Jackson,* attorney-general, and *C. L. Evans,*
for The State.

*Ewing, Gard & Gard,* for appellant.

The opinion of the court was delivered by

GRAVES, J.:  On July 20, 1906, an information was
filed in the district court of Allen county charging the
appellant, Jim Corn, with keeping, maintaining and as-
sisting in maintaining a public nuisance in violation
of the prohibitory liquor law.   He was subsequently
tried, convicted and sentenced for such offense.   From
that judgment he has appealed to this court, and asks
that it be reversed on the grounds that the district
court erred in admitting improper testimony and that
the evidence was insufficient to establish his guilt.

The only witnesses for the state were the sheriff,
assistant attorney-general for that county, and a dealer
in ice.   The appellant rested upon the testimony of
the state.   In substance it was shown that the place
alleged to be a nuisance was a two-story brick business
building in the city of Iola.   It was twenty-five feet

wide at the sidewalk, and extended back one hundred feet. The first floor was divided into three rooms by thin board partitions. The front room contained a counter, shelving, and other fixtures usually found in a small restaurant and cigar store. In the other rooms were ice-chests, containing bottled beer packed in crushed ice, meat, milk, vegetables, and other eatables; a gas cooking-stove, tables and chairs; about thirteen full cases of beer; and furniture and fixtures.

On July 14, 1906, the assistant attorney-general for Allen county, with the sheriff, went to this building for the purpose of arresting the keeper thereof, and to seize whatever liquors and other property might be there. The warrant under which they acted was issued against John Doe. At that time the building was locked, but, hearing considerable noise inside, apparently occasioned by the moving of furniture, they entered the building through a window. Inside they found the appellant, with a colored man and a boy fifteen or sixteen years old. The colored man was carrying cases of beer into the cellar. The appellant did nothing while the officers were there, and denied being the owner of the property taken, but in view of the whole situation the sheriff regarded him as the keeper of the place. When the ice-chests were being removed the appellant requested that one of them be left "to keep his cooking material and meats and such stuff in there"; that otherwise he would have no way to preserve those articles.

On one of the shelves behind the counter in the front room some bills and a book of accounts were found and taken, whereupon the appellant said: "You are not going to take all the papers, too, are you?" The bills were made in the name of "Titus & Corn, Dr.," and indicated the purchase by them of liquors by the case, in pint and quart bottles, of "Pabst," "Budweiser," "Schlitz," and "Blatz," to the amount of $49.07 during the months of June and July, 1906, and

27—76 KAN.

to the amount of $73.36 in June and July, the year not being stated. The admission of these bills and accounts in evidence is assigned as error. Nothing was shown to connect the defendant therewith except as above stated. We think this evidence was admissible, at least for the purpose of showing the kind and character of the business conducted at that place. Bottles, kegs, liquors, or anything found in the building which tends to give character thereto is admissible in evidence for the purpose of showing whether the place is a public nuisance or not. We find no error, therefore, in the ruling of the court permitting this evidence to go to the jury.

We also think the testimony sufficient to justify the verdict. The appellant was locked in the building and was apparently in charge and possession of the property and business. That this place was a common joint, run behind the ordinary mask of a pretended lunch-counter and cigar stand, can hardly be doubted. Appellant kept his provisions and cooking materials in an ice-chest where more than a full case of bottled beer was packed in crushed ice. Evidently he was either the proprietor or a person who was actively aiding and assisting another in maintaining a nuisance. In either case he was guilty of the offense charged. No other reasonable conclusion can be drawn from the facts and circumstances shown. He was properly convicted.

The judgment is affirmed.